UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

  vs.                                                        No.  CR 09-2962 WJ

FRANCISCO MELGAR-CABRERA,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO DISMISS COUNT 4**
**OF SECOND SUPERSEDING INDICTMENT**

      THIS MATTER comes before the Court upon Defendant's Motion to Dismiss Count 4 of Second Superseding Indictment, filed August 14, 2015 (**Doc. 368**), following a hearing on the matter.  Having reviewed the parties' briefs and applicable law, and having considered the oral arguments of counsel at the hearing held on August 24, 2015, the Court finds that Defendant's motion is not well-taken and, accordingly, is DENIED.

BACKGROUND

      In this motion, Defendant seeks dismissal pursuant to Fed.R.Crim.P. 12(b)(3)(B)(v) of Count 4 of the Second Superseding Indictment.  Count 4 alleges murder through the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§924(j), 1111, and 2.  The relevant crime of violence Defendant is charged with here is alleged in Count 3, Interference with Interstate Commerce by Robbery and Violence, also known as a "Hobbs Act Robbery," in  violation of 18 U.S.C. §1951(a).  The request for dismissal of Count 4 is based on two grounds:  because the Hobbs Act robbery charge, §1951(a) (Count 3) underlying the §§1111 and 924(j)(1) offense alleged in Count 4 categorically fails to qualify as a crime of violence

within the meaning of 18 U.S.C. § 924(c)(3)(A), (which Defendant refers to as the "force clause," and also that 18 U.S.C § 924(c)(3)(B), (which Defendant refers to as the "residual clause") is unconstitutionally vague under *Johnson v. United States*, _ U.S. __, 135 S. Ct. 2551 (2015) (holding that the "residual clause" of the Armed Career Criminal Act to be unconstitutional because it violated due process).[1]

## DISCUSSION

Defendant's motion centers around the Hobbs Act offense §1951(a), but the inquiry involves several related statutory provisions.

**I.     Relevant Law**

**18 U.S.C. §924(c)(1)(A)** provides for certain penalties if a person who uses or carries a firearm "during and in relation to any crime of violence."

Under **§924(c)(3),** a **"crime of violence"** is defined as an offense that is a felony and—

> A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

**Section 924(j)** provides that a person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall, if the killing is a murder as defined under 18 U.S.C. §1111, be punished by death or by imprisonment for any term of years or for life.

**Section 1951(b)(1)** defines robbery as follows:

> The term 'robbery' means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual

---

[1] While case law is replete with references to §924(e)(2)(B)(i) as the "force clause" of the Armed Career Criminal Act and to §924(e)(2)(B)(ii) as its "residual clause," the Court has found no case that describes the provisions of §924(c)(1)(A) and (B) as "force" and "residual" clauses.  Nor do those references appear for 18 U.S.C. §16(b), which has language identical to §924(e)(2)(B).

>or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.[2]

The Court first addresses Defendant's argument concerning §924(c)(3)(A), and then turns to Defendant's argument regarding §924(c)(3)(B). It is the latter which involves discussion of a recent United States Supreme Court case, *Johnson v. U.S.,* -- U.S. --, 135 S.Ct. 2551 (2015).

## II.     Hobbs Act (§1951(b)) as "Crime of Violence"

Defendant contends that the Hobbs Act robbery under §1951(a) (Count 3) does not qualify as a "crime of violence" under the "force" clause of §924(c)(3)(B) because the offense can be committed by putting someone in fear of future injury to his person or property which does not require the use, attempted use, or threatened use of violent physical force.

Courts use a "categorical approach" to determine whether a prior conviction is a crime of violence, which means that in making this determination, courts look "only to the fact that the defendant has been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions." *Taylor v. U.S.,* 495 U.S. 575, 600 (1990) (cited in *Johnson,* 135 S.Ct. at 2555-2557; *see also U.S. v. Serafin*, 562 F.3d 1105 (10th Cir. 2009) (possession of unregistered weapon did not constitute a crime of violence within meaning of firearm statute); *see also Descamps v. U.S.,* 133 S.Ct. 2276, 2283 (2013) (courts may not use modified categorical approach in determining whether prior offense was violent felony under ACCA when predicate crime has a single, indivisible set of elements, and finding that defendant's prior burglary conviction under California law was not for a violent felony within the meaning of ACCA). Under the categorical approach, a prior offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute—"including the most innocent conduct" matches or is

---

[2] §1951(b) defines "robbery" while §1951(a) is the charging provision in the statute and is listed on the indictment.

narrower than the "crime of violence" definition. *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012).

Defendant argues that in utilizing this approach in this case, §1951(b) qualifies as a "crime of violence" under §924's "force" clause"[3] (that is, §924(c)(3)(A)) if the offense has "physical force" as an element, which means "violent force" or "strong physical force."  He contends that because a crime may result in death or serious injury without involving the use of physical force, §1951(b) does not qualify as a crime of violence.  Defendant cites to various cases to illustrate his point.  In *Torres-Miguel,* 701 F.3d at 167, the Fourth Circuit held addressed whether a prior California offense of willfully threatening to commit a crime which "will result in death or great bodily injury to another" qualified as a "crime of violence" under §924(c)(3)(A).  The court concluded that a crime may *result* in death or serious injury without involving the *use* of physical force." 701 F.3d at 168.  In *Chrzanoski v. Ashcroft,* another case relied on by Defendant, the issue before the Second Circuit was whether a prior Connecticut conviction for third-degree assault qualified as a "crime of violence" under the force clause. 327 F.3d 188, 194 (2nd Cir. 2003).  The relevant statute in that case required the state to prove that defendant had "intentionally *caused* physical injury." 327 F.3d at 193 (emphasis added).  The Second Circuit found that the prior assault conviction did not constitute a crime of violence because there was a difference between causation of an injury and causation of the injury by *using* physical force.  The court reasoned that physical injury could be caused without the use of force, citing numerous examples (such as someone who causes physical impairment by placing a tranquilizer in the victim's drink). *Id.* at 195-196.

---

[3]  The parties seem to assume that §924(c)(3)(A) and (B) contains a "force" and "residual" clauses, even though references in *Johnson* concerned only the provisions in the ACCA, §924(e)(2)(B)(i) and (ii).

Defendant's contentions are flawed for several reasons, some of which have been noted by the Government.

First, Defendant gives undue emphasis to the word "future" which appears in the definition of the term "robbery" in 18 U.S.C. §1951(b).  Defendant argues that this word places §1951(b)(1) outside of a "crime of violence" because it has not occurred, but this twists the language  of §1951(b) which defines the  means of robbery by "means of actual **or** threatened force, . . . immediate **or** future . . . ."  It is clear that the word "future" describes force that is "threatened," as opposed to "actual" force which is "immediate."  §1951(b) (emphasis added). In other words, "robbery" can be either a threat to inflict something harmful in the future, or a use of force in the present.  According to §924(c)(3)(A), a "crime of violence" means *"the use*, attempted use*, or threatened use* of physical force . . . . ."  (emphasis added) Thus, the word "future" in §1915(b) is within what is envisioned in a "crime of violence" under §924(c)(3)(A).

Second, Defendant puts a spin on the term "physical force" which is contained in §924(c)(3)(A) which is not supported by the language in the provision.  Defendant claims that "[t]he act of placing another in fear of physical injury at best "constitutes a threat of physical injury to another, which plainly does not require the use or threatened use of 'violent force' against another" and that putting an individual in fear of physical injury is, at best, only a threat of physical injury to another.  Doc. 368 at 5.  This argument selectively chooses only part of the language in §1951(b)(1) and totally ignores other words in the provision such as "actual" force or violence.  Further, "physical injury" is neither an element in "robbery" in §1951(b)(1) or a requirement for a "crime of violence" under §924(c)(3).  Thus, this argument is irrelevant as well as illogical.

Defendant also replaces the phrase "physical force" with "violent force."  The Court finds no legal precedent for this, and thus Defendant is placing a requirement for a "crime of violence" that is not there.  The Court suspects that Defendant may be borrowing from the holding in another Supreme Court case and applying it here.  In *Johnson v. U.S.,* 559 U.S. 133 (2010) (distinct from the *Johnson* case that found the ACCA's residual clause to be unconstitutional, *see* 135 S.Ct. at 2551), the Supreme Court held that a defendant's prior battery conviction under Florida law was not a "violent felony" under the ACCA.   In doing so, the court interpreted the phrase "physical force" in the ACCA's "force clause," §924(e)(2)(B)(i), to mean "violent force" because a common-law meaning of the word "force" (such as the offensive touching elements of the battery conviction) did not fit in the context of the statutory category of a "*violent* felony." 559 U.S. at 1271 ("Nothing in the text of §924(e)(2)(B)(i) suggests that "force" in the definition of a "violent felony" should be regarded as a common-law term of art used to define the contours of a misdemeanor.").  Here, "physical force" within the context of a "crime of violence" under §924(c)(3)(A) does not necessarily mean "violent" force.  Defendant's reliance on the *Johnson* battery case is misplaced since that case involved the ACCA provision in §924(e)(2)(B)(i), and not §924(c), and Defendant cites to no case that interprets "physical force" in §924(c)(3)(A) as "violent force." [4]

Third, the cases relied on by Defendant relies for the proposition that a crime may result in death or serious injury without involving the use of physical force, are distinguishable. *Chrzanoski,* 327 F.3d 188, and *Torres-Miguel,* 701 F.3d 165, do not help Defendant's position

---

[4] In *Torres*, however, the Fourth Circuit equated "physical force" with "violent force," stating that in order to constitute a predicate crime of violence justifying a sentencing enhancement under the Guidelines, "a state offense must constitute a use or threatened use of violent force, not simply result in physical injury or death." 701 F.3d at 169 (emphasis added).  Despite this finding in *Torre*s, the Government points out that the U.S. Supreme Court has backed away from a broad and total encompassing definition of "physical force" as "violent force" in all situations. See Doc. 380 at 5.   The Court agrees with this assessment and further notes that *Torres* does not represent the weight of the relevant case law and is thus not sufficient to find that "physical force" means "violent force" in defining a "crime of violence" under §924(c)(3)(A).

because, unlike the predicate offense in those cases which involved the *causation* of physical injury, rather than the *use* of physical force, §1951(b) defines "robbery" as including the *use* of force. See §1951(b)(1) (". . . by means of actual or threatened force, or violence. . . ."). This matches the definition of "crime of violence" which requires as an element "the **use**, attempted **use**, or threatened **use** of physical force. . . ."). Thus, the cases Defendant relies on can be easily distinguished by the requirements in their predicate offenses.

Other cases cited by Defendant offer little, again because the underlying offense had very different elements. For example, Defendant cites to *U.S. v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005), where the Tenth Circuit held that Colorado's third-degree assault statute did not unambiguously require the use or threatened use of physical force, as required to qualify as "crime of violence." The Colorado statute prohibited knowingly or recklessly causing bodily injury to another person or with criminal negligence causing bodily injury to another person by means of a deadly weapon. The Tenth Circuit reasoned that there could be examples of third degree assault that would not involve use of, or threat of, force – such as intentionally exposing someone to hazardous chemicals or intentionally placing a barrier in front of a car causing an accident. 414 F.3d at 1286. The predicate offense under the Colorado statute is not analogous here because §1951(b) has as an element, the use of actual or threatened force. While a third-degree assault can be committed under the Colorado statute without the use of force, one cannot get convicted for robbery under §1951(b) unless force (or threat of force) *is* used.

Accordingly, the Court finds that robbery under the Hobbs Act, §1951(a) with which Defendant is charged, is a "crime of violence" under §924(c)(2)(A).

**III.    Effect of *Johnson* on §924(c)(3)(B)**

Defendant contends that as a result of *Johnson*, 135 S.Ct. 2551, §924(c)(3)'s residual clause is unconstitutionally vague and cannot support a conviction under the statute.

A.    Legal Effect of Johnson

In *Johnson v. U.S.*, 135 S.Ct. 2551, the issue was whether a prior conviction for unlawful possession of a short-barreled shotgun met the definition of a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e)(2)(B).  The ACCA's "residual clause," §924(e)(2)(B)(ii), defined "violent felony" as including any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another."[5]  *Johnson* held that imposing an increased sentence under the ACCA's residual clause violated due process. "135 S.Ct. 2551.

In *Johnson,* the Supreme Court acknowledged that courts apply the categorical approach when determining whether an offense is a "violent felony."  However, when that approach was applied to the ACCA's residual clause, a court was required to picture the kind of conduct that the crime involves in "the ordinary case," and to judge whether that abstraction presented a "serious potential risk of physical injury" under §924(e)(2)(B).  *Johnson* found that an "ordinary case" analysis involved too much "judicially imagined abstraction," *id.* at 2557, as well as "guesswork and intuition," *id.* at 2559 (citations omitted).   Based on this reasoning, *Johnson* held that the ACCA residual clause was unconstitutionally vague because it left "grave uncertainty about how to estimate the risk posed by a crime" *id.* at 2554, and because  the process by which courts categorize prior convictions as violent felonies (that is, the "ordinary case" analysis) is too "wide-ranging" and "indeterminate." *Id.* at 2557.

B.    Whether *Johnson* Means that §924(c)(3)(B) is Unconstitutionally Vague

---

[5]  The ACCA's "force clause" at §924(e)(2)(B)(i) defines a "violent felony" as an element the use, attempted use, or threatened use of physical force against the person of another."  The *Johnson* case did not really address the "force clause" – just the "residual clause."

Defendant next focuses on what he describes as §924(c)'s "residual clause." He argues that §924(c)(3)(B), the statutory provision at issue here, is essentially the same as the ACCA's residual clause even though they are not identical. Again, both provisions state as follows:

> **§924(c)(3)(B)** (which Defendant refers to as the "residual clause" of §924(c)(3)) defines "crime of violence" as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."
>
> Under the ACCA's residual clause **§924(e)(2)(B)(ii),** a "violent crime" is an offense that otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

Defendant' argues that the ACCA's residual clause is similar enough to §924(c)(3)(B) to find that *Johnson'*s holding should apply to §924(c)(3)(B). Defendant concedes there is some difference between the two, namely a difference in focus where §924(e)(2)(B) focuses on the risk of "physical injury to a victim, while the focus of §16(b) (which contains language identical to §924(c)(3)(B)) is on the risk that "physical force" will be used in the course of committing the offense. *See U.S. v. Sanchez-Espinal,* 762 F.3d 425, 432 (5th Cir. 2014) (while the focus of §924(e)(2)(B) is on the risk of "physical injury" to a victim and the focus of §16(b) is on the risk that "physical force" will be used the course of committing the offense, "we have previously looked to the ACCA in deciding whether offenses are crimes of violence under §16(b)"). However, Defendant does not believe this distinction has any impact on *Johnson's* relevance on the due process issue.

Defendant contends that *Johnson's* holding must apply to other analogous residual clauses such as§16(b) and §924(c)(3)(B) that look at the "ordinary case" under the categorical approach. *See, e.g., U.S. v. Avila,* 770 F.3d 1100, 1107 (4th Cir. 2014) (approaching elements of offense "in the ordinary case" and relying on *James v. U.S.,* 550 U.S. 195 (2007)); *U.S. v.*

*Ramos-Medina,* 706 F.3d 932, 938 (9th Cir. 2012) (citing *James* as the source of the ordinary case analysis required by §16(b)).[6] Defendant relies on case law that discusses 18 U.S.C. §16(b) which contains language identical to §924(c)(3)(B) in defining a "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *See, e.g., U.S. v. Keelan,* 786 F.3d 865, 871 n.7 (11th Cir. 2015) (describing the ACCA's residual clause as "analogous" to §16(b)); *United States v. Sanchez–Garcia*, 501 F.3d 1208 (10th Cir. 2007) (unauthorized use of a motor vehicle not a "violent felony" under 18 U.S.C. § 16(b), which "closely resembles ACCA's residual clause").  Defendant also cites to cases that compare ACCA's residual clause with §924(c)(3)(B), but the reasoning from those cases does not apply here because the analysis was based on predicate offenses requiring a risk that a defendant's actions would *result* in serious physical harm to others.  *See, e.g., U.S. v. Ayala,* 601 F.3d 256, 267 (4th Cir. 2010) (looking to §924(e) to find that conspiracy is a crime of violence because when conspirators have formed a partnership in crime to achieve a violent objective, "they have substantially increased the risk that their actions will result in serious physical harm to others"). The relevant statute in the instant case, §924(c)(3)(B), fixes on the risk of the *use* of force rather than the broader risk of injury that *results.*

The Government believes that Defendant's reliance on *Johnson* is misplaced first, because the two provisions are not as analogous as Defendant argues and second, because *Johnson* did not turn solely on the use of the "ordinary case" analysis, but rather on its particular use within the context of the ACCA's provision.  The Government argues that Defendant glosses

---

[6]  *Johnson* overruled *James,* because *James* required courts to picture the kind of conduct that the crime involves in "the ordinary case" and to judge whether that abstraction presented a serious potential risk of physical injury" when determining whether an offense was a "violent crime" under the ACCA's residual clause.  *Johnson,* 135 S.Ct. at 2555-2557.

over these statutory differences between the ACCA's residual clause in §924(e)(2)(B)(ii) and §924(c)(3)(B), and that because of these differences, *Johnson* does not apply to §924(c)(3)(B). The Court finds these distinctions to be sufficient to limit *Johnson's* holding to the ACCA's residual provision only.

1. <u>The enumerated offenses in the ACCA are absent</u>.

The structure of §924(c)(3)(B) differs from the ACCA because it does not contain an introductory list of enumerated crimes. The ACCA's residual clause, §924(e)(2)(B)(ii) lists as examples of "violent felonies": burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." The Government contends that the presence of that list was a determinative factor in *Johnson's* holding because the enumerated list had troubled members of the Court since *James*. *See, e.g., James*, 550 U.S. at 215-16, 230 n.7 (Scalia, J., joined by Stevens and Ginsburg, J.J., dissenting) (stating that comparing a predicate offense with its closest analog among enumerated offenses is an unhelpful test if the analog is not obvious because the listed offenses have little in common); *Begay v. U.S.,* 553 U.S. 137, 143 (2008) (". . . the examples are so far from clear in respect to the degree of risk each poses . . .").

2. <u>Extra-Offense Conduct</u>

Another distinction between the two provisions is that §924(c)(3)(B) does not go beyond the elements of the offense to consider potential extra-offense conduct, as does the ACCA provision. *Johnson* noted as much in respect to the ACCA provision, describing the necessity of courts to go "beyond evaluating the chances that the physical acts that make up the crime injure someone" and to evaluate the risk for injury even "after" completion of the offense. 135 S.Ct. at 2557; *see also id*. at 2559 (noting that "remote" physical injury could qualify under ACCA, but

11

that the clause does not indicate "how remote is too remote"). *Johnson* explained that ACCA's inquiry into whether a crime "involves conduct" that presents too much risk of injury goes beyond the offense elements. *Id*. at 2557.

In comparison, §924(c)(3)(B) requires no such consideration of post-offense conduct. Its language is significantly narrower. The assessment that must be done is confined to the risks that arise during the commission of the offense, that is, a consideration of the use of physical force that occurs "in the course of committing the offense." *United States v. Serafin*, 562 F.3d 1105, 1109 (10th Cir. 2009) (emphasizing "the textual difference between § 16(b) and" the ACCA residual clause, and explaining that "for an offense to qualify as a § 16(b) crime of violence, the risk of force *must arise in the course of committing the crime and not merely as a possible result"*) (emphasis added). Unlike the ACCA, § 924(c)(3)(B) does not go beyond "the physical acts that make up the crime." *See Johnson*, 135 S. Ct. 2557.

Also, as mentioned earlier, §924(c)(3)(B) looks at the risk of the "use of force" rather than the much broader "risk of injury." The Court does not share Defendant's view that this difference in focus is immaterial in due process inquiry. Interpretation of statutory language can turn on a word. *See, e.g., U. S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240-41 (1989) (as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute). The difference in focus on the use of force *during* an offense (in §924(c)(3)(B), rather than on the potential risk and *effects* of the offense (as in §924(e)(2)(B)(ii)), does limit the statute's reach and avoids the kind of speculation about extra-offense conduct (and as a result, constitutional vagueness) that *Johnson* rejected. 135 S.Ct. at 2557, 2559; *Serafin,* 562 F.3d at 1109 (emphasizing textual differences in provisions).

      3.      <u>Repeated Failure to Construe ACCA provision</u>

In *Johnson,* the Supreme Court expressed a concern regarding a lack of a "principled and objective standard" in interpreting the ACCA's residual clause (that is, until *Johnson*).  *See* 135 S.Ct. at 2558 (". . . this Court's repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause confirm its hopeless indeterminacy"); *id.* at 2287 (Scalia, J., dissenting) (stating that the Court's repeated failure in addressing the ACCA is "[w]hat sets ACCA apart" and "confirms" its vagueness).  *Johnson* further observed the same disagreement among the lower courts:

> The most telling feature of the lower courts' decisions is not division about whether the residual clause covers this or that crime (even clear laws produce close cases); it is, rather, pervasive disagreement about the nature of the inquiry one is supposed to conduct and the kinds of factors one is supposed to consider.

135 S.Ct. at 2560.   Section 924(c)(3)(B) has not suffered the same fretful history, indicating that the same difficulty has not existed in construing this provision.  In *Leocal v. Ashcroft,* 543 U.S. 1 (2004), a unanimous Supreme Court expressed no uncertainty or difficulty in adopting an interpretive framework that identified one offense (burglary) as the "classic example" of a §16(b) qualifying offense, and another example (DUI) that was not a qualifying offense.  543 U.S. at 10.  Thus, §924(c)(3)(B) has not faced the same difficulties in allowing an evenhanded application or analysis, and is yet another reason why a finding of vagueness for the ACCA cannot be summarily applied to §924(c)(3)(B).

## CONCLUSION

In sum, the Court finds and concludes that, the offense of "robbery" set forth as the predicate felony offense in Count 4 qualifies as a "crime of violence" within the meaning of 18 U.S.C. § 924(c)(3)(A).

The Court further finds and concludes that Defendant seeks an overly broad application of the holding of *Johnson v. United States*, _ U.S. __, 135 S. Ct. 2551 (2015).  That holding is

limited to the provision addressed in that decision, which is the "residual clause" of the Armed Career Criminal Act, and that the analysis in *Johnson* does not apply to §924(c)(3)(B) which defines a "crime of violence" because of the distinctions between the two provisions.[7]

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss Count 4 of Second Superseding Indictment **(Doc. 368)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

---

[7] In light of the foregoing findings, the Court need not consider the Government's other arguments, which pertain to the appropriateness of the instant motion under Fed.R.Crim.P.12(b) and to whether a factual development is necessary prior to consider Defendant's vagueness challenge to §924(c)(3)(B).